Filed 10/29/24  P. v. Mosier CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

|  |  |
|---|---|
| THE PEOPLE, | C100342 |
| Plaintiff and Respondent, | (Super. Ct. No. 23CF00915) |
| v. |  |
| CHAD NOLEN MOSIER, |  |
| Defendant and Appellant. |  |

Appointed counsel for defendant Chad Nolen Mosier asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Defendant filed a supplemental brief arguing his trial counsel was ineffective.  We will affirm.

## I.  BACKGROUND

At around 1:50 a.m. on February 28, 2023, a police officer responded to an alarm that went off at a local medical facility.  The officer saw defendant leaving the building

1

and detained him.  The officer searched defendant and found a bent piece of metal in his jacket pocket.  The officer noticed marks on one of the business's doorframes, indicating someone tried to pry or shimmy the lock.  The marks on the door were consistent with the piece of metal defendant had been carrying.

Defendant was charged with second degree commercial burglary (Pen. Code, § 459—count 1)[1] and felony vandalism with more than $400 of damage (§ 594, subd. (a)—count 2).

On March 9, 2023, defense counsel declared a doubt as to defendant's competency to stand trial.  (§ 1367 et seq.)  The trial court suspended proceedings and appointed a psychologist to examine defendant.

The psychologist opined in his May 2023 report that defendant was presently mentally incompetent to stand trial.  In June 2023, the trial court found defendant was not competent to stand trial and referred the matter to Central Valley Conditional Release Program for the purpose of recommending placement for treatment.  The mental health specialist for the program recommended referral to the California Department of State Hospitals.

In July 2023, the trial court ordered defendant remanded to the California Department of State Hospitals.  Later that month, a psychiatrist from the California Department of State Hospitals opined defendant was not yet competent to stand trial.

In October 2023, a psychologist from the Butte County Jail-Based Competency Treatment program opined that defendant was competent to stand trial.

In November 2023, the trial court found defendant competent to stand trial and reinstated criminal proceedings.  That same day, defendant pled guilty to count 2.  Count

---

[1] Undesignated statutory references are to the Penal Code.

1 was dismissed with a *Harvey* waiver.[2]  As part of his plea, defendant waived his right to a jury trial regarding aggravating sentencing factors and agreed that the court could find aggravating factors based on the probable cause declaration and police reports.

The following month, the trial court sentenced defendant to county jail for the upper term of three years on count 2.  The court explained it was imposing the upper term because defendant had served prior prison terms, he was on supervised release at the time of the current crimes, and his prior performance on supervised release and probation was unsatisfactory.  For similar reasons, the court further explained it was not imposing a split sentence pursuant to section 1170, subdivision (h)(5) because it was not in the interest of justice to do so.

The trial court also imposed a $300 restitution fine (§ 1202.4, subd. (b)), a $40 court operations fee (§ 1465.8, subd. (a)(1)), a $30 criminal conviction assessment fee (Gov. Code, § 70373), a $10 theft fine (§ 1202.5), and surcharges and assessments of $29 (§§ 1465.7, 1464; Gov. Code, §§ 70372, subd. (a), 76000, 76104.6, 76104.7).  The court also ordered $1,644.32 in victim restitution.  (§ 1202.4, subd. (f).)  The court awarded 565 days of custody credit (283 actual days and 282 conduct credit days).

Defendant did not obtain a certificate of probable cause on appeal.

## II.  DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief.

---

[2]  *People v. Harvey* (1979) 25 Cal. 3d 754.

3

Defendant filed a supplemental brief stating his trial counsel "had doubts. Her very first words were 'I have doubts,' [and] this was before we even talked! I had never met [trial counsel]! I never talked to [trial counsel]! She was prejudice[ed] towards me. Why? That's all."

To the extent defendant is contending his counsel provided ineffective assistance in declaring a doubt, we disagree. Given that the trial court proceeded to suspend proceedings and appoint a psychologist to examine defendant, the court clearly (and correctly) interpreted defense counsel's statement as declaring a doubt as to defendant's capacity to stand trial pursuant to section 1386. Because two mental health professionals proceeded to find defendant incompetent to stand trial between May and July 2023, defendant cannot establish that his trial counsel's representation was deficient. (*Strickland v. Washington* (1984) 466 U.S. 668, 687-688 [a defendant claiming ineffective assistance of counsel must prove that trial counsel's representation fell below an objective standard of reasonableness and that defendant suffered prejudice as a result].)

Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

## III.  DISPOSITION

The judgment is affirmed.

/S/

RENNER, J.

We concur:

/S/

EARL, P. J.

/S/

BOULWARE EURIE, J.